[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a breach of contract action in which the plaintiff is in the garbage and trash collection business and the defendant is the owner of a restaurant doing business as the Ridgefield Inn.
The parties entered into a written contract on October 19, 1990, in which the plaintiff agreed to collect and remove garbage and trash from the defendant's place of business. The contract provided that service was to commence on November 1, 1990, and terminate on October 1, 1995. The contract further provided for a monthly service charge of $727.69 with a built-in annual increase of 7 percent per annum above the previous year's service charge. CT Page 7878
Paragraph B, on the reverse side of the contract, provided for liquidated damages in case of a breach, which damages were to be calculated as one-half of the monthly service charge in effect at the time of the breach for the remainder of the contract period.
There is no dispute that the defendant cancelled the contract effective April 18, 1995. The termination was unilateral and no evidence was introduced to show that the plaintiff failed to provide the service which it had contracted to provide. The only defense which was pled was that the contract was unenforceable because it is against public policy and/or is a contract of adhesion.
At the start of trial, the court was faced with a motion by the plaintiff to have its request for admissions granted because of late response by the defendant. The court permitted the late filing of answers to stand subject to later review and determination. The court will permit the late filing of the defendant's answer since to do otherwise would be prejudicial to the defendant.
Nonetheless, the plaintiff is in no way harmed by this ruling since the court finds that the contract is not against public policy nor is it a contract of adhesion, and the plaintiff has, in fact, sustained its burden of proving liquidate damages.
The evidence fully supports this court's findings.
The plaintiff's witness, Paul DiNardo, Vice President of AWD, Inc., testified at length as to the reason for the liquidated damage provision. He further testified that as a result of the termination of the contract, his company lost profits and suffered damages. He further testified as to how the liquidated damages, in the amount of $2186.98, were calculated.
The court further believed his testimony that it was common for customers to be able to negotiate contracts with the plaintiff. Further, the defendant could have negotiated the contract if he desired.
The three prerequisites for the enforcement of a liquidated damage clause were all complied with, i.e.: CT Page 7879
1. anticipated damages as a result of a breach would have been difficult to ascertain;
2. the intent to have liquidated damages was proven;
3. the amount was measurable with respect to what the parties could have expected at the time of contracting.
On the basis of the above, the court finds for the plaintiff in the amount of $2186.98 in damages incurred, and reasonable attorney's fees in the amount of $1200, and costs in the amount of $142.80.
The total amount of the judgment is $3529.78.
Mihalakos, J.